Filed 7/25/22  P. v. Sanchez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C094863 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CF04301) |
| v. | |
| GABRIEL LAMAR SANCHEZ, | |
| Defendant and Appellant. | |

Defendant Gabriel Lamar Sanchez admitted to sexually abusing the minor victim over several years and pleaded no contest to continuous sexual abuse of a child under 14 years of age.[1]  He was sentenced to the upper term of 16 years in state prison.  On appeal, defendant contends recently enacted changes to Penal Code section 1170,[2] effective

---

[1]  Pursuant to the California Rules of Court, rule 8.90, governing "Privacy in opinions," we refer to the mother and minor victims by their initials only.

[2]  Undesignated statutory references are to the Penal Code.

January 1, 2022, necessitate a remand for resentencing; the People agree. We remand for resentencing.[3]

## BACKGROUND

Defendant, born in September 1993, was charged with forcible rape of a child under 14 years of age (§ 261, subd. (a)(2)), showing pornography to a minor (§ 288.2, subd. (a)(2)), possession of child or youth pornography (§ 311.11, subd. (a)), and continuous sexual abuse, from December 2013 to February 2016, of a child under 14 years of age (§ 288.5, subd. (a)).

Defendant pleaded no contest in an open plea to continuous sexual abuse of a child under 14 years old and the remaining counts were dismissed with a *Harvey*[4] waiver. The probation report was stipulated as the factual basis for the plea.

The probation report, which relied on the police reports, stated defendant had lived with A.Y. and her two daughters, C.Y. and K.M., for about a year and a half and A.Y. said during that time, "defendant was a 'father figure' to both of her daughters." During an interview, K.M. described defendant raping her when she was 12 years old by covering her mouth with his hand while she slept on the couch when A.Y. was away and C.Y. was sleeping in another room.

The probation report also included a summary of sexually explicit messages exchanged between defendant and another mother posing as her underage daughter. During the exchange, defendant said, "K.M. suffered from 'daddy issues' before he was introduced to her and she subsequently looked to him as a father, which made it hard for him to be close to her." But he admitted he " 'gave into [K.M.'s] wishes' " and had sex with her. He " 'lost count' " how many times they had sex after that, telling the mother,

---

[3] This case was fully briefed and assigned to this panel on May 5, 2022.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

posing as her daughter, they had sex " 'every chance we got.' " Defendant described in these messages a desire to have a " 'pedo [pedophile] lifestyle' including engaging in sexual acts with children," and proceeded to describe other sexual experiences he had with children when he was a teenager. This mother, still posing as her daughter, told defendant she had a family emergency and asked defendant to come back to California; defendant did and was arrested at the airport.

Defendant was interviewed at the airport by law enforcement where he confirmed his relationship with A.Y., that he considered himself a "father figure" to K.M. and C.Y., and "the children referred to him as 'Dad.' " When presented with the messages he had with the other mother, defendant said, "everything he wrote about all seven victims was true." He then described several sexual incidents with K.M. when she was 10 years old, but "insisted K.M. initiated every incident." He also said he began having sex with her " 'whenever the opportunity presented itself.' [¶] . . . at least 20 times and it could be upwards of 50 times" but maintained he never forced her to do anything; at this time K.M. was 13 or 14 and he was 23 or 24. When law enforcement recontacted K.M. she denied multiple sexual encounters with defendant and maintained "defendant raped her, once."

On September 16, 2021, the trial court sentenced defendant to the upper term of 16 years. The court explained it found in aggravation, "defendant took advantage of a position of trust or of confidence in that the defendant was a father figure for the child; the defendant engaged in conduct that indicates a serious danger to society; the defendant admitted to substantial sexual conduct with the victim including sexual intercourse 20 times to 50 times. That far outweighs the number of incidents required for a violation of [section] 288.5." In mitigation, defendant had a "lack of prior criminal history as well as his admission of responsibility at an early stage of the proceeding." Thus, the court found the circumstances in aggravation outweighed those in mitigation, justifying the upper term.

DISCUSSION

Defendant contends two recent changes to section 1170 are applicable to his case and necessitate remand: (1) section 1170, subdivision (b)(2) now makes the middle term the default and imposes additional hurdles on imposing the upper term, and (2) section 1170, subdivision (b)(6)(B) now allows sentencing courts to consider a defendant's youth in imposing the lower term. The People agree remand for resentencing is appropriate for the trial court to consider defendant's age and on resentencing the trial court can consider any other applicable changes to section 1170.

At the time of defendant's sentencing, section 1170 permitted trial courts, when a sentencing statute specified three possible terms, to select the appropriate term "within the sound discretion of the court," and in making this decision courts could "consider the record in the case, the probation officer's report," and other reports to make the decision. (Former § 1170, subd. (b).) On January 1, 2022, while this appeal was pending, several changes to section 1170 became effective. (Sen. Bill No. 567 (2021-2022 Reg. Sess.) Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2021-2022 Reg. Sess.) Stats. 2021, ch. 695, § 4.) Relevant here, trial courts now may impose the upper term only "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Trial courts also now "shall order imposition of the lower term," unless "contrary to the interests of justice," certain factors contributed to the commission of the offense. (§ 1170, subd. (b)(6).) One factor is if the defendant "was a youth as defined under subdivision (b) of Section 1016.7 at the time of the commission of the offense." (§ 1170, subd. (b)(6)(B).) A youth under section 1016.7 is "any person under 26 years of age on the date the offense was committed." (§ 1016.7, subd. (b).)

4

The Attorney General concedes these amendments are retroactive and apply to defendant's nonfinal case pending on appeal. We accept the Attorney General's concession. (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Remand for resentencing is required when a trial court imposed a sentence "unaware of the scope of its discretionary powers." (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; see *People v. Reneaux* (2020) 50 Cal.App.5th 852, 875-876 [remanding for resentencing to allow trial court to consider discretion under Sen. Bill No. 1393 (2017-2018 Reg. Sess.)].) But remand is unnecessary when the record " 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez*, at p. 1391.) Remand in these instances "would be an idle act." (*People v. Flores* (2020) 9 Cal.5th 371, 432.)

The trial court's discretion has changed since the sentencing hearing. Defendant was under 26 years old when he committed the crimes resulting in his conviction, possibly 20 years old when he began his sexual abuse of K.M. Under the revised section 1170, the trial court would now be obligated to consider defendant's youth if it found it was a contributing factor in his criminal conduct. And we cannot say for certain, based on this record, whether that would be the case given the trial court had not considered defendant's age when he committed the crimes. There is no evidence the probation department considered defendant's age when recommending the upper term, and the trial court did not discuss defendant's age when it sentenced defendant to the upper term. Thus, we find remand necessary.

Finding remand necessary under section 1170, subdivision (b)(6)(B), we need not reach defendant's claim under 1170, subdivision (b)(2). On remand, the trial court may revisit all of its sentencing choices in light of the new legislation. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 862; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part

5

of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].)

## DISPOSITION

We remand the matter for resentencing under Penal Code section 1170, as amended. In all other aspects, the judgment is affirmed.


/s/
EARL, J.


We concur:


/s/
ROBIE, Acting P. J.


/s/
MAURO, J.